■ CORETTA LAWRENCE, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Respondent.— Determination unanimously modified, and as modified confirmed, without costs, and matter remitted to Commissioner of Social Services, Orleans County for further proceedings, all in accordance with the following memorandum: We annul that portion of the Commissioner's decision which computed petitioner's monthly flat grant on a co-operative basis as "items of need shared by the family" as required for co-operative budgeting under 18 NYCRR 352.32(e)(1). Petitioner and her children lived in the lower level of a two-story house and her sister and children lived in the upper level. Although both families shared a common bath and kitchen each maintained distinct family quarters. It was testified that each mother provided for her own family needs. Petitioner testified "We don't do nothing in the house or that. We don't go to wash together, we don't buy food together." Each family maintained a separate refrigerator. On the proof in this record there is no substantial basis for believing that "items of need [were] shared by the family." This is a proper case for nonco-operative budgeting and respondent made an illegal assumption not warranted by the evidence when he decided to the contrary. Commissioner's finding in this respect should be vacated and the petition should be granted insofar as it prays for a recomputation of monthly flat grants. The proceeding should be remitted to respondent for a hearing to determine the amount due petitioner by computing her flat grant allowance on a nonco-operative basis. The determination of the Commissioner with respect to rental allowance should be confirmed on authority of *Matter of MacGaffick* v. *Lavine* (45 A D 2d 928). Where two recipients of Social Services rental assistance moved into a single dwelling the Commissioner declined to continue the pre-existing rental assistance to each, insofar as the combined rentals would exceed the rental ceiling established in the district for such dwelling. We do not find that the Commissioner's determination in this respect was arbitrary, capricious or unreasonable. Cardamone and Goldman, JJ. concur with respect to the rental determination under constraint of *Matter of MacGaffick (supra)*. (Review of determination recomputing budget, transferred by order of Erie Special Term.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.